UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARTY PHILIP PARISI                                                          PETITIONER

V.                                                   CIVIL ACTION NO. 3:14cv554-DPJ-FKB

CHRISTOPHER B. EPPS                                                       RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation with respect to the Petition for Writ of Habeas Corpus [1] filed by Marty Philip Parisi, a state prisoner in the custody of the Mississippi Department of Corrections.  Petitioner has also filed a motion for an evidentiary hearing [10].  Having considered the petition and response, the undersigned recommends that the motion for a hearing be denied and that the petition be dismissed with prejudice.

## I.  FACTS AND PROCEDURAL HISTORY

On December 10, 2009, Billy Patrick and Willie Anderson, Scott County deputies, were investigating an unrelated stolen property case when they crossed paths with Petitioner. Petitioner was parked beside the road, in front of the home of the person for whom the deputies were searching.  Parisi was sitting in the driver's seat of his truck, talking to someone standing outside the vehicle on the passenger side.  Petitioner ducked when he saw the officers approach.  One officer approached Petitioner, while the other dealt with the person outside the vehicle.  After obtaining Petitioner's permission to search the vehicle, the officers discovered a box containing methamphetamine on the driver's side floorboard.  The officers also discovered marijuana in the vehicle.

1

Parisi was indicted in the Circuit Court of Scott County, Mississippi, for the crimes of possession of more than 30 grams of methamphetamine and possession of less than 30 grams of marijuana. [6-1] at 6.  He testified at trial that although the marijuana was his, the methamphetamine was not.  Petitioner claimed that the person outside the vehicle tossed the box with the methamphetamine in it into his truck when they spotted the officers.  However, Petitioner's cousin, Michelle Bell, testified that Petitioner later told her, in the presence of law enforcement officers, that he had set up the methamphetamine buy.  Parisi was convicted by a jury, then sentenced to a term of 60 years  imprisonment. [6-1] at 31.  He was sentenced to the maximum of thirty years as an enhanced penalty for being a habitual offender.  Miss. Code Ann. § 99-19-81.  The thirty-year sentence was doubled because he had been previously convicted of another drug offense.  Miss. Code Ann. § 41-29-147.

Parisi appealed his conviction and sentence, raising the following assignments of error:

1. The trial Court's admitting [Parisi's] confession into evidence was reversible error.

2. The Court erred in sustaining the prosecution's objection to [Parisi's] character testimony by Scott Bagley.

3. The Court erred in admitting the contraband narcotics into evidence.

4. The Court erred in sentencing [Parisi] without determining whether the sentence was proportional to the crime for which he was convicted.

[6-6] at 6, 11.  The Mississippi Court of Appeals affirmed on November 13, 2012.  *Parisi v. State*, 119 So.3d 1061 (Miss. Ct. App. 2012).  Parisi filed a timely petition for rehearing.  By order dated May 14, 2013, the state court of appeals denied the petition for rehearing.  Parisi

2

filed a timely petition for a writ of *certiorari*, which was denied by the Mississippi Supreme Court on August 8, 2013. [6-4] at 2. Parisi did not file a petition for a writ of *certiorari* with the United States Supreme Court.

Parisi filed an application with the Mississippi Supreme Court for leave to proceed in the trial court with a motion for post-conviction relief ("PCR"), asserting the following grounds for relief:

1. Petitioner was denied effective assistance of counsel because counsel failed to conduct pretrial discovery or investigation, and failed to investigate three witnesses and the co-defendant.

2. The trial court erred in admitting Petitioner's confession.

3. Allowing Bell to testify constituted prosecutorial misconduct.

4. The State withheld crucial impeachment evidence by not having co-defendant Ficklin at trial.

5. The trial court imposed cumulative punishment in violation of the double jeopardy clause.

6. The State knowingly presented perjured testimony from Bell.

[6-7] at 8-9. The Mississippi Supreme Court found that Parisi's ineffective assistance of counsel claims did not meet the *Strickland v. Washington*[1] standard and denied those claims. [6-7] at 2. The remainder of Parisi's claims were dismissed as barred by Miss. Code Ann. § 99-39-21,[2] because they were or could have been raised at trial and on direct appeal. The

---

[1] 466 U.S. 668 (1984).

[2] This section of Mississippi's PCR law provides that claims that could have been or were made at trial and/or on appeal are barred from further review, absent a showing of cause and actual prejudice.

Court noted that there was no applicable exception to the procedural bar, and even if the

claims were not barred, they lacked merit.  [6-7] at 2.

By the instant petition,[3] Parisi raises the following grounds for relief:

1.      Ineffective Assistance of Counsel

2.      Involuntary Confession

3.      Double Jeopardy/Cumulative Punishment

## II.  ANALYSIS

A.      *Petitioner's Motion for an Evidentiary Hearing*

Parisi has requested an evidentiary hearing with respect to the instant petition [10].

However, as Respondent correctly argues, a hearing is not warranted in this case.  The

circumstances under which this Court may grant an evidentiary hearing on a habeas petition

are set out in 28 U.S.C. § 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in
> State court proceedings, the court shall not hold an evidentiary hearing
> on the claim unless the applicant shows that–
>
> > (A)    the claim relies on–
> >
> > > (i)     a new rule of constitutional law, made
> > > retroactive to cases on collateral review by
> > > the Supreme Court, that was previously
> > > unavailable; or
> > >
> > > (ii)    a factual predicate that could not have been
> > > previously discovered through the exercise of
> > > due diligence; and
> >
> > (B)    the facts underlying the claim would be sufficient to
> > establish by clear and convincing evidence that but

---

[3]Plaintiff initially asserted four grounds for relief but voluntarily dismissed the fourth.
[13].

4

> for constitutional error, no reasonable factfinder
> would have found the applicant guilty of the
> underlying offense.

Petitioner's claims do not meet the foregoing criteria.  Petitioner has not argued any new law

or presented any new facts.  Accordingly, his motion for an evidentiary hearing is denied.

> B.    *Grounds One and Two*

Respondent asserts that the first two claims presented by the instant petition were

considered by the Mississippi Supreme Court and found to be without merit.  Respondent

argues, therefore, that 28 U.S.C. §§ 2254(d) and 2254(e)(1)[4] prohibit this Court from granting

relief with respect to those grounds.  Section 2254(d) provides:

> (d)    An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the merits
> in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. § 2254(d).  Section 2254(e)(1) states that fact findings made by the state court are

presumed correct and Petitioner must rebut the presumption by clear and convincing

evidence.

---

[4]These statutes are part of the Antiterrorism and Effective Death Penalty Act
("AEDPA"), which is applicable to Petitioner's claims.

Since Petitioner's claims present mixed questions of fact and law, 2254(d)(1), rather than 2254(d)(2), is the applicable standard. *Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000). The first prong, "contrary to clearly established Federal law" means that the State court either "applie[d] a rule that contradicts the governing law set forth in our cases" or in a case with facts "materially indistinguishable from a decision of this Court" arrived at a different conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). In *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), the Supreme Court "made clear that the 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of petitioner's case." Thus, "[t]he question ... is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The Supreme Court has observed that if "this standard is  difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2010). There is a "'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

In reviewing the State court's factual findings, including implied findings, this Court defers to the state court's factual determinations unless they were "'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000)(quoting 28 U.S.C. § 2254(d)). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still

must be met by showing there was no reasonable basis for the state court to deny relief."
*Harrington*, 131 S. Ct. at 784. In the absence of a statement of reasons from the state court,
"a habeas court must determine what arguments or theories...could have supported...the state
court's decision; and then it must ask whether it is possible fairminded jurists could disagree
that those arguments or theories are inconsistent with the holding in a prior decision of this
Court." *Id.* at 786. According to the Supreme Court, this inquiry is the "'only question that
matters under § 2254(d)(1).'" *Id.* (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71(2003)).

"A state court's determination that a claim lacks merit precludes federal habeas relief
so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."
*Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).
The fact that petitioner may have presented the state court with what the federal court believes
to be a "strong case for relief does not mean the state court's contrary conclusion was
unreasonable." *Id.*

1. *Ground One-Ineffective Assistance of Counsel*

To prevail on the first ground, the ineffective assistance of counsel claim, Petitioner
must show both constitutionally deficient performance by his attorney and actual prejudice as
a result. *Strickland*, 466 U.S. at 687. Parisi must show that, due to the seriousness of the
errors, his attorney was not functioning as counsel as guaranteed by the Sixth Amendment.
Review of counsel's performance is deferential and not to be colored by hindsight. *Motley v.
Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Parisi must show that the deficient performance
rendered the outcome fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685
(5th Cir.), *cert. denied*, 516 U.S. 1005 (1995).

Because the Mississippi Supreme Court considered Petitioner's ineffective assistance of counsel claim, the question becomes whether that court's application of the *Strickland* standard was unreasonable.  *Harrington*, 131 S.Ct. at 785.  The undersigned has reviewed the record in this matter and cannot say that it was unreasonable for the Mississippi Supreme Court to rule as it did.  Petitioner claims that his attorney should have interviewed the co-defendant (the person outside the vehicle to whom Petitioner was talking when the deputies arrived) and another person who was present at the scene.  Petitioner states that the co-defendant admitted the drugs at issue were his, not Petitioner's.  This assertion, however, is completely unsupported.  "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative."  *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978).  Ground One, therefore, fails.

2.   *Ground Two-Involuntary Confession*

After his arrest, Plaintiff was offered a deal if he became an informant.  During the negotiations, Plaintiff told the officers where he got the methamphetamine, though he did not become an informant.  At trial, Plaintiff testified that the methamphetamine was not his.  Over objection of counsel, in rebuttal, the trial court allowed an officer to testify that approximately two weeks after his arrest, the officer met with Plaintiff.  The officer testified that Plaintiff told the officer where he got the methamphetamine at issue. [6-3] at 23.  Plaintiff alleges that the trial court erred in allowed officers to testify as to his statement regarding where he obtained the drugs because he was not given any *Miranda*[5] warning before that statement.

---

[5]*Miranda v. Arizona*, 384 U.S. 436, 467-73 (1966).

8

Petitioner raised this issue on appeal.  The Mississippi Court of Appeals held:

> Both the United States Supreme Court and the Mississippi
> Supreme Court have recognized a category of confessions that are
> in fact voluntary but nonetheless obtained through defective *Miranda*
> warnings or procedure.  While such a confession cannot be used in the
> State's case-in-chief, it may be introduced for impeachment
> purposes.

*Parisi*, 119 So. 3d at 1064 (internal citations omitted).  The state court's ruling on this issue was not contrary to clearly established federal law, nor was it an unreasonable application of clearly established law to the facts.  By testifying and denying any knowledge of the methamphetamine, Plaintiff opened the door to the rebuttal testimony.  Ground Two fails as well.

### C. Ground Three-Double Jeopardy/Cumulative Punishment

Petitioner's final argument is that his sixty year sentence constitutes double jeopardy.  Plaintiff was sentenced to the maximum penalty for his offense (30 years) pursuant to Miss. Code Ann. § 99-18-81.  His sentence was then doubled pursuant to Miss. Code Ann. § 41-29-147, because Parisi had a prior drug related conviction.

Petitioner raised Ground Three in his Motion for Post-Conviction Relief.  The Mississippi Supreme Court held that the claim was barred, pursuant to Miss. Code Ann. § 99-39-1(1), due to Plaintiff's failure to raise the issue at trial or on direct appeal.  Defendant contends that this state law procedural bar constitutes an adequate and independent bar precluding federal habeas relief as well.  *Sayre v. Anderson,* 238 F.3d 631, 634 (5th Cir. 2001).  This Court must determine whether this particular state court bar has been "strictly or regularly" applied by the state courts so as to constitute an adequate and independent bar.  *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).

The Fifth Circuit has held that Miss. Code Ann. § 99-39-21(1) is an adequate and independent state procedural bar. *Stokes*, 123 F.3d at 860-61. Accordingly, Plaintiff may not proceed with respect to Ground Three unless he can demonstrate that the state has **not** applied this bar to claims such as Plaintiff's. *Id.* Plaintiff has not argued inconsistent application in this case. This Court must apply the bar absent a showing of cause for the default and actual prejudice or unless applying the bar would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Plaintiff argues ineffective assistance of counsel was the cause for his default. Plaintiff's attorney did raise the proportionality of his sentence on appeal, *Parisi*, 119 So.3d at 1067, but not whether it was double jeopardy/cumulative. The Mississippi habitual offender statutes have withstood cumulative punishment/double jeopardy challenges. *Perkins v. Cabana*, 794 F.2d 168 (5th Cir. 1986); *Stewart v. State of Mississippi*, 67 So.3d 829, 832-33 (Miss. Ct. App. 2011)(enhanced sentence imposed pursuant to both Miss. Code Ann. §§ 99-19-81 and  41-29-147 did not violate double jeopardy clause). The undersigned cannot conclude that counsel was ineffective within the meaning of *Strickland* for not raising the double jeopardy argument earlier, nor was Plaintiff prejudiced by any failure to do so since he would not have prevailed on the claim anyway.

Additionally, this Court could review the claim despite the bar if Plaintiff could show that applying the bar would result in a fundamental miscarriage of justice. However, for this exception to apply, Plaintiff must demonstrate actual innocence. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). To show actual innocence, Plaintiff must produce new evidence that makes it more likely than not that a reasonable juror would not have convicted

him if that evidence had been presented.  *Id.*  Plaintiff has not presented any new evidence.

In addition to noting that the claims in Parisi's post-conviction motion were barred, the Mississippi Supreme Court stated that they lacked merit.  The same analysis therefore applies to Ground Three as to Grounds One and Two.  Plaintiff has not demonstrated that the state court's decision was contrary to federal law or represented an unreasonable application of clearly establish law to the facts.

### III.  CONCLUSION

The state court's rejection of Grounds One, Two and Three of the petition was not contrary to federal law, and did not result in an unreasonable application of clearly-established federal law.  Moreover, Ground Three is procedurally barred.  For these reasons, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636.

Respectfully submitted, this the 13th day of March, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE